1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ARCELIA H. POWERS, a single woman,

NO.

10

Plaintiff,

(SKAGIT COUNTY SUPERIOR COURT
NO. 18-2-00337-29)

11

v.

12

WALMART, INC., a foreign corporation, dba
MT. VERNON WALMART, Store #2596,

NOTICE OF REMOVAL BY
DEFENDANT WALMART INC.

13

Defendant.

***CLERK'S ACTION REQUIRED***

14

15     TO:     CLERK OF THE COURT;

16     TO:     ARCELIA POWERS, PLAINTIFF; AND

17     TO:     COUNSEL FOR PLAINTIFF.

18              Pursuant to the provisions of 28 U.S.C. § 1441(a) and (b), 28 U.S.C. § 1446, and 28

19     U.S.C. § 1332, Defendant WALMART INC. ("Walmart") hereby removes the above-captioned

20     case from the Superior Court of Skagit County, Washington, where it is currently pending, to

21     the United States District Court for the Western District of Washington at Seattle.

22                                          I. STATEMENT OF FACTS

23          1.    Underlying Incident

24              Plaintiff ARCELIA POWERS ("Plaintiff") alleges that she slipped and fell, injuring

25     herself, while she was shopping at a Walmart store in Mt. Vernon, Washington, on September

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6645454.1

10, 2017.  *See* Declaration of Eddy Silverman, Esq., attached hereto as **Exhibit A**

(describing/attesting to exhibits); *see also* Complaint, attached hereto as **Exhibit B**.

    2.  Relevant Procedural Facts

        Plaintiff filed a Complaint in the Superior Court of Washington for Skagit County on

March 5, 2018.  *See* Ex. B.  The Complaint allegations comprise roughly one page; there are

four allegation paragraphs, each roughly one sentence long; there are no specific allegations or

representations pertaining to damages.  *See id.*  Walmart answered Plaintiff's Complaint on

March 28, 2018, and then on May 7, 2018, propounded (1) Walmart's First Set of

Interrogatories and Requests for Production to Plaintiff and (2) Walmart's Request for

Statement of Damages to Plaintiff.  *See* Initial Written Discovery (with Answers) and Request

for Statement of Damages, attached hereto as **Exhibit C** and **Exhibit D**, respectively.

        Plaintiff served responses to Walmart's initial written discovery on June 22; however,

the answers are not responsive to any questions having to do with damages.  *See generally* Ex.

C.  For instance, Plaintiff did not directly respond to a question about whether she attributed

any loss of income or earning capacity to the incident (aside from providing her hourly rate of

pay).  *See id.*, Resp. to Interrog. 19.  Then, in response to an Interrogatory asking whether there

any other damages that Plaintiff attributes to the incident, the answer was "Unknown at this

time. Discovery is continuing."  *Id.*, Resp. to Interrog. 20.  Plaintiff did not respond to the

Request for Statement of Damages at all (notwithstanding the "shall" language of RCW

4.28.360[1]).

        On August 7, 2018, counsel for Walmart sent an email to Plaintiff's counsel calling

attention to the fact that Plaintiff had never responded to Walmart's Request for Statement of

---

[1]  *See* RCW 4.28.360 ("In any civil action for personal injuries, the complaint shall not contain a statement of the damages sought but shall contain a prayer for damages as shall be determined. A defendant in such action may at any time request a statement from the plaintiff setting forth separately the amounts of any special damages and general damages sought. Not later than fifteen days after service of such request to the plaintiff, the plaintiff *shall* have served the defendant with such statement.") (emphasis added).

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6645454.1

Damages, which was by that point three months overdue.  *See* Emails attached hereto as **Exhibit E**.  Counsel responded by saying that Plaintiff was still treating and that her condition was "still up in the air on certain issues" and insisted therefore that any response "would be couched in relatively vague terms with #'s that have probably changed."  *Id.*  Counsel for Walmart welcomed any insight into damages, prompting Plaintiff's counsel to represent that while Plaintiff's medical expenses were only in the range of $5,000–$7,000 "conservatively," her general damages were "in the range of" $100,000–$200,000, "subject to future developments."  *Id.*

On October 17, 2018, after Plaintiff's deposition, defense counsel reached back out to Plaintiff's counsel via email, asking whether counsel had more clarity regarding Plaintiff's damages, and seeking, expressly, to determine the amount in controversy in the case:

> [W]hat I am looking to do is determine the amount in controversy with a level of formality and specificity that we do not have to date….I understand Ms. Powers is still treating, but questions of relatedness of injuries, and treatment, were front-and-center at her deposition several weeks ago.  The bottom line is I still have no real idea of what the amount actually in controversy in this case is.  This was our primary purpose in serving a Request for Statement of Damages back in May, to get this sort of clarity….

> All that I have at this juncture is a representation from you that Mrs. Powers' bills are 'approximately $4k-$7k, conservatively[]'…but her general damages are 'in the range of 100k-200k, subject to future developments.'  I would submit that this is all very nebulous, and often I am told one thing for purposes of negotiating, but then when we get a formal representation it is quite different.  This is what I am trying to pin down, so we can evaluate and make decisions on this end based on some sort of more formal representation that you will stand behind – like a formal representation on pleading paper.

> With this, can you please respond to our now more-than-five-month-old request?

*See* October 17–October 19 Emails Between Counsel, attached hereto as **Exhibit F**.

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6645454.1

Plaintiff's counsel maintained his refusal to respond to Walmart's Request, insisting that such a request "is not a discovery device" while wrongly assuming that defense's counsel purpose in insisting on a response was to "burden the plaintiff with making a representation that is subject to cross examination at trial." *See id.*

In light of counsel's refusal to respond to an RCW 4.28.360 Request for Statement of Damages, Walmart was forced to repurpose the same language into an Interrogatory. *See* Walmart's Second Set of Interrogatories and Requests for Production to Plaintiff and Answers Thereto, attached hereto as **Exhibit G**. Plaintiff responded to this additional Interrogatory on November 30, 2018, writing the following on the original draft, in pen/by hand:

> *special damages – to present $50,000 + future specials – unknown*
> *at this time general damages to be determined by the jury and they*
> *are continuing but for response $250,000+.*

Ex. G, Interrog. 26.

## II. BASIS FOR REMOVAL

A. Removal Is Timely

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446. If a case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or "other paper" from which it may first be ascertained that the case is one which is, or which has become removable. *Id.* § 1446(b)(3).

"As a general rule, an 'other paper' for the purposes of § 1446(b) is one that is 'generated within the specific state proceeding which has been removed.'" *Rynearson v.*

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6645454.1

1   *Motricity, Inc.*, 626 F.Supp.2d 1093, 1997 (W.D. Wash. 2009).  *See also* 28 U.S.C. §

2   1446(c)(3)(A) ("If the case stated by the initial pleading is not removable solely because the

3   amount in controversy does not exceed the amount specified in section 1332(a), information

4   relating to the amount in controversy <u>in the record of</u> the State proceeding, <u>or in response to</u>

5   <u>discovery</u>, shall be treated as an 'other paper' under subsection (b)(3).").  Email

6   correspondence alone is not sufficient proof to establish the requisite amount in controversy

7   where an amount is not specifically alleged in the complaint and/or where representations as to

8   amounts in controversy lack underlying support.  *See, e.g.*, *Boutorabi v. Gov't Employees Ins.*

9   *Co.*, 2017 WL 3037400, at *3 (C.D. Cal. 2017).  An email might qualify as "other paper"

10   where the email constitutes a settlement demand; however, an email *not* "coupled with other

11   information" supporting that a case is removable will not satisfy a defendant's burden to

12   establish the required amount in controversy for federal diversity jurisdiction. *See Cohn v.*

13   *Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *see also Park v. Sam's Club #4835*, 2018

14   WL 2788294, at *1 (W.D. Wash.) (concluding that an email constituted "other paper" only

15   when coupled with information already in defendants' possession, including specific complaint

16   allegations, substantive interrogatory responses, and a formal demand in excess of $70,000).

17         Walmart has been attempting to obtain unqualified, formal representations pertaining to

18   Plaintiff's alleged damages in this matter since at least as far back as May 2018.  Plaintiff

19   responded to interrogatories seeking such information by insisting damages were "unknown,"

20   and simply refused to respond altogether to a Request for Statement of Damages (up until the

21   time of filing this Notice, nearly 8 months later).[2]  While Plaintiff's counsel may have made

22

23   _____
     [2] This refusal could arguably be construed as bad faith, further supporting this petition.  *See* 28 U.S.C. § 1446(c)
24   (extending deadlines related to removal where the court finds that the plaintiff has acted in bad faith in order to
     prevent a defendant from removing an action); *see also Craig v. MTD Product Co.*, 2016 WL 6090899 (E.D. Cal.
     2016) (denying motion to remand where plaintiff acted in bad faith to prevent case from being removed to federal
25   court by deliberately failing to disclose actual amount in controversy over a period of at least five months).

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6645454.1

1  informal representations regarding damages in email correspondence with defense counsel,

2  these representations have always been "couched in relatively vague terms" (to use Plaintiff's

3  counsel own phrase).  *See* Ex. E.  Representations as to damages have always been "rough,"

4  "subject to change," and ultimately unreliable for a number of a reasons—beginning with the

5  fact that general damages of $200,000+ "conservatively" are not in proportion with  special

6  damages of $4,000–$5,000, and the fact that this purports to be a simple slip-and-fall case

7  involving indeterminate "problems" with Plaintiff's right knee, hip and back (some of which

8  have resolved, per Plaintiff's deposition testimony).  *See* Ex. C, Pl.'s Resp. to Interrog. 16.

9  Plaintiff has frustrated Walmart's efforts to obtain reliable information pertaining to the

10  amount in controversy.  Walmart was forced to craft an Interrogatory to elicit the same

11  information sought in a Request for Statement of Damages served back in May.  While there

12  are still issues with this response to some extent—including that it is handwritten and

13  unverified—this is the best and most reliable representation Walmart has to date regarding the

14  amount in controversy, and the only representation that expressly qualifies as "other paper"

15  under 28 USC 1446(c)(3)(A).  This Notice is timely as it is being filed within 30 days of

16  Plaintiff's response to Walmart's Interrogatory No. 26, which includes information largely

17  different than what was communicated previously via email with respect to damages

18  incidentally,[3] and which constitutes information from which Walmart can first ascertain that

19  the amount in controversy in this matter is truly and/or legitimately in excess of $75,000.

20  B.  This Court Has Original Jurisdiction Over This Matter Under 28 U.S.C. § 1332(a)

21  The district courts shall have original jurisdiction of all civil actions where the matter in

22  controversy (1) exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) is

23  between citizens of different states.  28 U.S.C. § 1332(a)(1).  For the purposes of sections 1332

24  and 1441 of Title 28, a corporation shall be deemed to be a citizen of (a) the state in which it

25

[3] *E.g.*, $50,000 in special damages, alleged, versus $4,000–$5,000 previously (10x more).

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 6

1  has been incorporated, or (b) the state wherein it has its principal place of business.  28 U.S.C.

2  § 1332(c)(1); *see also Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011).

3      1.  <u>The Matter In Controversy Exceeds The Sum Or Value Of $75,000</u>

4      Per Plaintiff's response to Walmart's Interrogatory No. 26, the amount in controversy

5  in this matter is in excess of $300,000.  *See* Ex. G.

6      2.  <u>There Is Total Diversity Between The Parties</u>

7      Upon information and belief, Plaintiff is a resident of Marysville, Washington.  Pl.'s

8  Dep. 15:17–18.  Thus, Plaintiff is a "citizen of" Washington State.  Walmart Inc. is (a)

9  incorporated in Delaware, and (b) its principal place of business is in Arkansas.  Thus, Walmart

10  is a "citizen of" either Delaware or Arkansas, but <u>not</u> Washington State.  Based on the

11  foregoing, there is total diversity between these parties as described in 28 USC 1332(a)(1).

12  III. PROCEDURAL COMPLIANCE

13  A.  <u>This Notice Complies With Applicable Local And Federal Rules</u>

14      Pursuant to LCR 101(b), in cases removed from state court, the removing defendant

15  shall file contemporaneously with the notice of removal:

16
17      (1)  A copy of the operative complaint, which must be attached as a separate "attachment" in the electronic filing system and labeled as the "complaint" or "amended complaint."

18
19      (2)  A certificate of service which lists all counsel and pro se parties who have appeared in the action with their contact information, including email address.

20
21      (3)  A copy of any Jury Demand filed in the state court, which must be filed as an attachment and labeled "Jury Demand."

22  In addition to the foregoing, the removing defendant(s) shall, within 14 days of filing this

23  Notice, or contemporaneously, file with the clerk of this court black-on-white copies of all

24  additional records and proceedings in the state court, together with verification that they are

25  true and complete copies.  LCR 101(c).

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6645454.1

In accordance with the above rules, true and complete copies of the following are attached hereto:

1.    Complaint (Ex. B), which is attached as a separate attachment in the electronic filing system, and labeled as the "Complaint";

2.    Certificate of Service, attached hereto as **Exhibit H**; and

3.    True and correct copies of all additional records and proceedings filed in the state court proceeding being removed by virtue of this petition, attached hereto as **Exhibit I**. *See also* Ex. A (attesting to and declaring truth and completeness of these filings in accordance with LCR 101(c)).

These documents/exhibits constitute and contain the entirety of the records and proceedings filed in Skagit County Superior Court as of the date of filing this Notice. No Jury Demand was filed in state court in this matter, and so there is no accompanying exhibit for this item.

B. <u>This Notice Is Properly Filed In This Court, And The Skagit County Superior Court Is On Notice Of These Proceedings</u>

This Notice is properly filed in the United States District Court for the Western District of Washington because this Court embraces Skagit County, the county in which the state court action is now pending. *See* 28 U.S.C. §§ 128(b) and 1441(a).

Pursuant to 28 U.S.C. §§ 1446(d), Walmart is filing a copy of this Notice with the Clerk of the Skagit County Superior Court, and is also serving a copy of this Notice on counsel of record in the state court action.

IV. CONCLUSION

Walmart hereby removes this matter from the Skagit County Superior Court to the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. By seeking removal, Walmart does not waive any defenses,

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6645454.1

1    including but not limited to lack of personal jurisdiction, insufficiency of process, or

2    insufficiency of service of process.

3

4          DATED this 28th day of December, 2018.

5

6                                         WILLIAMS, KASTNER & GIBBS PLLC

7                                         By   *s/Rodney L. Umberger*
                                          By   *s/Eddy Silverman*
8                                              Rodney L. Umberger, WSBA No. 24948
                                               Eddy Silverman, WSBA No. 53494
9
                                          Two Union Square
10                                        601 Union Street, Suite 4100
                                          Seattle, WA 98101-2380
11                                        Phone:  206.628.6600
                                          Fax:    206.628.6611
12                                        Email:  rumberger@williamskastner.com
                                                  esilverman@williamskastner.com
13
                                          ***Counsel for Defendant Walmart Inc.***
14

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 9          **Williams, Kastner & Gibbs PLLC**
                                                         601 Union Street, Suite 4100
                                                         Seattle, Washington 98101-2380
                                                         (206) 628-6600

6645454.1

1

## <u>CERTIFICATE OF SERVICE</u>

2
      The undersigned certifies under penalty of perjury under the laws of the State of

3
Washington that on the date indicated below, I caused service of a true and correct copy of the

4
foregoing document in the manner indicated below to:

5
Thomas J. West, WSBA No. 5857
WEST LAW FIRM, P.S.

6
524 Tacoma Avenue South

7
Tacoma, WA 98402
Phone: 253.383.4704
Fax:    253.383.7244

8
Email: tom@westlawtacoma.com
      heather@westlawtacoma.com

9

    ☐ U.S. Mail
    ☑ E-mail, *per E-Service Agreement 9/19/18*
    ☑ CM/ECF
    ☐ Hand Delivery/Legal Messenger
    ☐ Facsimile

*Counsel for Plaintiff*

10

11
      Signed at Seattle, Washington this 28th day of December, 2018.

12
      WILLIAMS, KASTNER & GIBBS PLLC

13

14
      By  *s/Jaimisha Steward*
         Jaimisha Steward, Legal Assistant

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6645454.1